**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Richard M. Fliehr a/k/a Ric Flair, | ) | C.A. No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Stivers Automotive of Columbia, Inc. d/b/a Freedom Suzuki, | ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMANDED!** |
| Defendant. | ) | |

The Plaintiff Richard M. Fliehr a/k/a Ric Flair ("Ric Flair" or "Plaintiff"), complaining of the Defendant Stivers Automotive of Columbia, Inc. d/b/a Freedom Suzuki ("SAC" or "Defendant"), would respectfully show unto the Court:

1. The plaintiff is a citizen and resident of Charlotte, North Carolina.

2. On information and belief, the Defendant SAC is a South Carolina corporation with a principal place of business in Columbia, South Carolina, which operates an automobile dealership.

3. This action arises under causes of action asserted for violations of the South Carolina Unfair Trade Practices Act, SC Code §§39-5-10 *et seq.*; the common law of unfair competition; the common law right of publicity; the common law right of privacy; and unjust enrichment.

4. This Court has jurisdiction over the within claims by virtue of 28 USC § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is appropriate in this judicial district pursuant to 28 USC §§1391(b) and 1400.

5. For more than 35 years, Ric Flair has been a well-known figure in professional wrestling, achieving fame and celebrity throughout the United States and the World. Throughout his professional career, which continues to this day, Ric Flair has expended considerable funds and worked diligently to advance his career, his personal reputation, and the value of association with same. Ric Flair's name, likeness, persona and slogans such as "to be the man you have to beat the man" and "Wooo", among others, became and remain synonymous with professional wrestling throughout the United States and the World.

6. Through his relentless efforts and expenditure of funds and many years wrestling and giving interviews in all fifty States and on all seven Continents of the World, the name, image, reputation and fame of Ric Flair has extraordinary value and generates significant income to plaintiff. Ric Flair carefully guards and maintains the value of these assets by judiciously managing his career and receiving compensation for the endorsements, use of image, slogans, persona and the like.

7. The likeness, image, persona, slogans, showmanship skills, professional acumen, reputation, and the Ric Flair name of the Plaintiff (the "Intellectual Property") each have tremendous commercial value and have continuously been used for such purposes described above from the beginning of Ric Flair's career through the present day, both inside the wrestling ring and in connection with his commercial and business endeavors.

8. In 2007, the Defendant SAC approached Ric Flair and requested that he allow his name and image to be used in connection with advertising for defendant's Suzuki automobile dealership. The financial terms for such a business arrangement were not reached; Ric Flair refused the request and did not authorize the use of his name or image in connection therewith.

9. Notwithstanding Ric Flair's refusal, SAC nevertheless incorporated the Plaintiff's name in advertising in various media, including radio, television and print ads; and used a third party to recreate the plaintiff's likeness and persona, or a confusingly similar likeness, in its advertising and promotional materials. Such materials were published and aired in various media, including radio and television. Written copies of two of the violative advertisements are attached hereto as **Exhibits "A"** and **"B"**. The materials were further published and aired at a time when a WWE wrestling event was scheduled to take place at the Colonial Center wherein Ric Flair was on the card to wrestle. Ric Flair is beloved in South Carolina by people, of all ages, due to the work he has done in and outside of the ring. Plaintiff alleges that the publication was calculated to maximize the Defendant's value in exploiting his intellectual property. All of this was without, and specifically contrary to, Ric Flair's authorization or consent.

10. Ric Flair has not given the Defendant consent, either written or oral, to utilize the Intellectual Property in any way whatsoever.

11. Defendant's wrongful use of the Intellectual Property has tarnished the goodwill associated with the Plaintiff and with the Intellectual Property, irreparably harmed the Plaintiff, and diluted the value of the Intellectual Property, by encouraging the public to believe that Ric Flair is connected with, or endorses, the products and practices of the Defendant SAC.

12. Ric Flair's irreparable injury will continue so long as SAC continues its wrongful use of any of the Intellectual Property.

## FOR A FIRST CAUSE OF ACTION
### (Common law right of publicity)

13. The allegations of paragraphs 1 through 12 of this Complaint are restated and reiterated as fully as if repeated herein.

14.    Ric Flair is a celebrity with a unique identity, persona, and reputation that he carefully cultivates and legally and commercially exploits for profit. Plaintiff and the name, "RIC FLAIR," and the Intellectual Property have become famous.

15.    Ric Flair's persona is widely known and is comprised of a combination of many features, including but not limited to his "Nature Boy" wrestling persona and related slogans such as "to be the man you have to beat the man" and "Wooo", his personal abilities and reputation, all of which have been carefully cultivated by Ric Flair throughout his career and his personal life.

16.    Defendant's unauthorized commercial exploitation of the Ric Flair's reputation, persona and slogans constitutes a violation of the common law of publicity rights belonging to Plaintiff and the misappropriation of his likeness.

17.    Plaintiff's rights have been and will continue to be irreparably harmed by the Defendant unless and until the Defendant is enjoined from all use of the Intellectual Property, including but not limited to the Ric Flair name, likeness and persona, slogans, or any colorable imitation thereof.

18.    Plaintiff's remedy at law for the wrongs specified herein is inadequate to compensate for prior damage or to prevent further irreparable damage and violation of his rights.

19.    The Plaintiff is entitled to recover his actual and punitive damages resulting from Defendant's wrongful conduct, as Defendant knew that it did not have the authority to use the Intellectual Property, but nonetheless willfully used such property belonging to Ric Flair and he is further entitled to injunctive relief preventing any future improper conduct by the Defendant.

**FOR A SECOND CAUSE OF ACTION**
(Common law unfair competition)

20. The allegations of paragraphs 1 through 19 of this Complaint are restated and reiterated as fully as if repeated herein.

21. Defendant's actions constitute misappropriation of the Intellectual Property rights of Ric Flair. Defendant has knowingly, intentionally, and maliciously incorporated and used the Intellectual Property in direct violation of the common law of the state of South Carolina.

22. Defendant's wrongful actions were undertaken knowingly, willfully, and intentionally, with full knowledge of the proprietary nature of the Intellectual Property and Ric Flair's rights in same.

23. Ric Flair's reputation, business interests, and the goodwill associated with the name Ric Flair have been damaged, and will continue to be irreparably damaged unless and until the Defendant is enjoined from continuing its wrongful actions.

24. Ric Flair's remedy at law is inadequate to repair the damage to him or to prevent further irreparable damage and violation of his rights in the Intellectual Property.

25. Ric Flair is entitled to recover his damages resulting from Defendant's wrongful conduct, and is further entitled to injunctive relief preventing any future improper conduct by the Defendant.

**FOR A THIRD CAUSE OF ACTION**
(Wrongful appropriation of personality)

26. The allegations of paragraphs 1 through 25 of this Complaint are restated and reiterated as fully as if repeated herein.

27. Defendant has wrongfully appropriated the personality of Ric Flair, in that it has intentionally and without consent of Ric Flair used his name, likeness, identity, slogans and persona for Defendant's benefit.

28. Defendant's actions violate Ric Flair's common law right to publicize and profit from his own name, likeness, slogans and personality, and have caused and will continue to cause Ric Flair irreparable injury so long as they continue.

29. Ric Flair's remedy at law is inadequate to repair the damage to him or to prevent further irreparable damage and violation of his right to profit from his own name, slogans, likeness and personality.

30. Ric Flair is entitled to recover his damages resulting from Defendant's wrongful conduct, and is further entitled to injunctive relief preventing any future improper conduct by the Defendant.

### FOR A FOURTH CAUSE OF ACTION
**(Unfair Trade Practices)**

31. The allegations of paragraphs 1 through 30 of this Complaint are restated and reiterated as fully as if repeated herein.

32. The Defendant's actions constitute unfair and deceptive acts or practices in the conduct of trade or commerce, as defined in the South Carolina Unfair Trade Practices Act, SC Code §§39-5-10, *et seq.*

33. The Defendant's actions are capable of repetition, and in fact have been repeated on numerous occasions in various media.

34. The Defendant's actions were willful, in that the Defendant knew or should have known that its actions violated the Act because the Defendant sought, but did not have authority

or consent from the Plaintiff to utilize his Intellectual Property in marketing its business and products.

35. The Defendant's actions have caused irreparable injury to Ric Flair and to his rights in the Intellectual Property, which damages to Ric Flair will continue unless and until the Defendant ceases all such activity.

36. Ric Flair is entitled to recover its damages from the Defendant, trebled, together with Ric Flair's attorneys' fees, as provided by the Act.

### FOR A FIFTH CAUSE OF ACTION
**(Unjust Enrichment)**

37. The allegations of paragraphs 1 through 36 of this Complaint are restated and reiterated as fully as if repeated herein.

38. Defendant has been unjustly enriched through its actions at the expense of, and detriment to, Ric Flair.

39. Ric Flair is entitled to recover the profits Defendant realized, directly or indirectly, from its wrongful actions.

WHEREFORE, having fully pled, the Plaintiff Ric Flair prays for an Order of this Honorable Court, granting relief as follows:

1. Preliminary and permanent Orders for equitable relief, requiring Defendant to cease and desist its wrongful activities, to refrain forever in the future from undertaking any similar actions, and to undertake appropriate curative actions, including the following:

(a) require the Defendant to retrieve, gather and destroy any and all promotional materials or other materials or items which may bear the Intellectual Property, or any colorable imitation thereof, as may be in the possession of Defendant,

Defendant's customers, Defendant's employees, media, or any person or entity which may be reasonably contacted by the defendant; and

(b)     require the Defendant to undertake curative advertising for a period of 90 days, in media and in frequency equal to that in which the wrongful use occurred, to inform the public that Defendant's use of the Intellectual Property was improper, and that Defendant has no connection with Ric Flair, that its use of his name, slogans, likeness and persona was without authorization, and that Ric Flair does not endorse the Defendant's products or services in any way; and

(c)     require the Defendant to report to Plaintiff Ric Flair, under oath, the efforts undertaken by the Defendant to comply with the provisions of paragraphs (a) and (b) above and to certify to Plaintiff Ric Flair the completion of all such actions.

2.     Awarding Plaintiff Ric Flair actual and punitive damages, including profits derived from the unauthorized use and misappropriation of Ric Flair's name, likeness, persona, and for violation of the Plaintiff Ric Flair's common law rights of publicity and privacy;

3.     Awarding Plaintiff Ric Flair actual damages, including profits derived by the defendant from the unauthorized use of the Intellectual Property, pursuant common law unfair competition;

4.     Awarding damages to the Plaintiff Ric Flair pursuant to the South Carolina Unfair Trade Practices Act, SC Code §§39-5-10 *et seq*., in an amount to be determined, said amount to be trebled pursuant to S.C. Code Ann. §39-5-140; together with Plaintiff Ric Flair's attorneys' fees incurred by him in this litigation;

5.     Requiring the Defendant to disgorge the profits it realized, directly or indirectly, from its wrongful actions; and

6. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Eric S. Bland
Eric S. Bland (Fed. ID (SC) #5742)
Ronald L. Richter, Jr. (Fed. ID (SC #6264)
Bland Richter, LLP
1500 Calhoun Street (29201)
Post Office Box 72
Columbia, South Carolina 29202
(803) 256-9664 (Telephone)
(803) 256-3056 (Fax)
ericbland@blandrichter.com (e-mail)
ronnie@blandrichter.com (e-mail)


s/ Thomas W. Epting
Thomas W. Epting (Fed. ID (SC) #732)
Leatherwood Walker Todd & Mann, P.C.
The Leatherwood Plaza
300 East McBee Avenue, Suite 500 (29601)
Post Office Box 87
Greenville, South Carolina 29602
(864) 240-2453 (telephone)
(864) 240-2477 (facsimile)
tepting@lwtm.com (e-mail)

Attorneys for the Plaintiff

Dated: October 4, 2007

9